Coblentz
Patch Duffy
& Bass LLP

One Montgomery Street, Suite 3000
San Francisco, CA 94104-5500

T 415 391 4800

coblentzlaw.com

Rees F. Morgan
D (415) 772-5754
rmorgan@coblentzlaw.com

August 7, 2024

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court
500 Pearl Street, Room 1920
New York, NY 10007

Re:     Case 1:24-cv-02921-JLR *Guery v. DraftKings, Inc.*

Dear Judge Rochon:

The parties write to jointly request a 60-day continuance of the deadline for DraftKings Inc.'s ("DraftKings") response to the Complaint from August 12, 2024 to October 11, 2024.  On August 7, 2024, Plaintiff's counsel filed a motion to withdraw.  This continuance will allow necessary time to work through the complex issues presented by the motion to withdraw – there will be no attorney representing a putative class action and Plaintiff's counsel has been unable to contact Plaintiff.[1]  Additionally, DraftKings respectfully requests that the Court dismiss this action because Plaintiff cannot proceed *pro se* and represent a purported class, or, in the alternative, the Court should order Plaintiff to obtain new counsel or file an amended Complaint without the class allegations within 30 days.

On June 12, 2024, DraftKings sent a letter to Plaintiff's counsel regarding its belief that Plaintiff lacked standing to bring the claims asserted in the Complaint, both on her own behalf and as lead plaintiff of the purported class defined in the Complaint.  In the letter, counsel for DraftKings noted that internal DraftKings records indicated that (1) Plaintiff did not, and could not, participate in the promotion at issue in the Complaint, in part because DraftKings was not running the promotion in the timeframe alleged in the Complaint; and (2) even if she did participate in the promotion (which she did not), Plaintiff won her first wager with DraftKings, which contradicted the Complaint's focus on a putative class that allegedly *lost* their first wager.  DraftKings explained that it planned to file a motion to dismiss under FRCP 12(b)(1) based upon lack of standing.  We asked Plaintiff's counsel to discuss the issue with the Plaintiff since such a motion to dismiss should be unnecessary given the obvious standing defects.

Plaintiff's counsel represented that they would discuss these issues with their client.  The parties jointly requested an extension of DraftKings' deadline for responding to the Complaint at that time, which the Court granted.  ECF No. 36.  After further back and forth, Plaintiff's counsel asked to further extend the time for DraftKings' response to the Complaint while they addressed the standing issues with their client.  ECF No. 37.  The Court granted this second request on

---

[1] Plaintiff's counsel joins in the request for a 60-day continuance but otherwise takes no position on the issues raised by DraftKings in this letter.

July 3, 2024, setting DraftKings' response date as August 12, 2024.  ECF No. 38.  DraftKings later requested from Plaintiff's counsel an update by July 19, 2024 regarding their discussion of the standing issue with their client.  On July 22, 2024, Plaintiff's counsel told DraftKings that, despite several attempts, Plaintiff had stopped communicating with counsel.  Plaintiff's counsel stated that all counsel therefore planned to withdraw from representing Plaintiff in this matter and asked whether DraftKings would oppose such a motion.

While DraftKings does not oppose counsel's motion to withdraw in principle, we are reluctant to incur expenses further litigating a case with a nonresponsive, unrepresented Plaintiff who lacks standing to bring this suit.  We note, moreover, that even if Plaintiff did have standing, an unrepresented plaintiff cannot prosecute *pro se* a putative class action such as the Complaint at issue in this matter.  *See, e.g.,* https://www.nysd.uscourts.gov/prose#  ("There are, however, certain limitations to self-representation, such as: . . . a pro se litigant may not represent a class in a class action.");  *Graham v. Perez*, 121 F. Supp. 2d 317, 321 (S.D.N.Y. 2000) ("[I]t is well settled in this [Second] circuit that pro se plaintiffs cannot act as class representatives.  They do not satisfy the requirements of Rule 23(a)(4).  Because plaintiffs are not represented by counsel, they may not act as representatives of a class and must therefore pursue their claims against defendants individually.").

DraftKings therefore asks the Court, should it permit withdrawal of counsel, to dismiss the action in its entirety *without* prejudice because it is not possible for Plaintiff to represent a purported class, which would prevent DraftKings from incurring additional expense in responding to a complaint that Plaintiff cannot pursue *pro se.*  In the alternative, DraftKings asks that the Court require Plaintiff to file, within 30 days, either a substitution of counsel or an amended complaint not based upon a putative class and, if she fails to do so, to dismiss this action without prejudice.  We believe it is within the Court's inherent authority to dismiss the purported class action should Plaintiff lack counsel, or at the least to require that Plaintiff obtain substitute counsel and/or re-file the action without any class allegations if she wishes to proceed *pro se,* well in advance of DraftKings' deadline for responding to the Complaint.

We understand that this is an unusual situation and we appreciate the Court's quick action in setting a telephonic conference to discuss the matter on August 14, 2024.  We note, however, that conference will take place two days after DraftKings' current deadline to respond to the Complaint, and we therefore respectfully request that the Court extend that deadline by 60 days – a request Plaintiff's counsel join in – in order to provide the Court and the parties time to address this situation.  While reluctant to raise the issue, DraftKings must reserve all of its rights should this case proceed.  We thank the Court for consideration of this request.

Very truly yours,

Rees F. Morgan

RFM:cxb